Filed 6/21/22  P. v. Castro-Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTONIO CASTRO-LOPEZ,<br><br>    Defendant and Appellant. | G060251<br><br>(Super. Ct. No. 17HF0805)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*   \*   \*

As discussed in more detail below, Antonio Castro-Lopez appeals from a judgment of conviction following a jury trial. We appointed counsel to represent him on appeal.

Appointed counsel filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against defendant, counsel filed a brief which set forth the facts of the case and advised us he was unable to find an issue to argue on defendant's behalf. In his sworn declaration, counsel also informed us that he instructed Castro-Lopez he could file "a supplemental opening brief" on his own behalf with this court if he wished to do so; Castro-Lopez has not filed any supplemental briefing with this court.

## FACTS

On June 3, 2017, S.R. met her fiancée, J.G., outside a pub in Mission Viejo. Three men, including defendant, Castro-Lopez, later approached the couple. Castro-Lopez said to S.R., "You don't remember me? I'm Bouncer from Family Mob." Shortly thereafter, Castro-Lopez and J.G. began to fight.

S.R. tried to intervene, but defendant pushed her to the ground. J.G. then fell to the ground; he was not moving. Castro-Lopez stomped on J.G.'s head and kicked him several times. Castro-Lopez then ran off with another man, and both men entered a vehicle driven by a third man. The vehicle was driven from the scene.

Paramedics responded and transported J.G. to the hospital. He sustained a skull fracture with a concussion, a nasal fracture, a tibial fracture, and multiple lacerations. J.G. spent several days in the hospital.

Castro-Lopez was arrested and charged with attempted murder (Pen. Code,[1] §§ 664, subd. (a), 187, subd. (a)) (count 1), and assault by means of force likely to cause

_____

[1]     All subsequent statutory references are to the Penal Code.

2

great bodily injury (§ 245, subd. (a)(4)) (count 2). Both counts included allegations that Castro-Lopez inflicted great bodily injury (GBI) (§ 12022.7, subd. (a)) on J.G., and that each offense had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)).

In February 2021, a jury found Castro-Lopez not guilty of count 1 and guilty of count 2. The jury found the GBI allegation true as to count 2, and the gang enhancement not true. The trial court later sentenced Castro-Lopez to six years in state prison with appropriate conduct credits.

Castro-Lopez appeals from that judgment.

## DISCUSSION

As set forth above, the facts underlying appellant's conviction are straightforward. The primary issue for the jury to resolve at trial was whether Castro-Lopez had acted in self-defense when he fought with J.G. This defense inevitably raised questions of fact. (*People v. Escobar* (1992) 3 Cal.4th 740, 750.) The jury, in returning its verdicts, seems to have rejected appellant's position that he fought with J.G. only in self-defense.

Counsel in his briefing suggested that we examine one issue: "Did substantial evidence show [Castro-Lopez] personally inflicted great bodily injury to support the section 12022.7 enhancement?"

We have reviewed the entire record and find that the answer to this question is yes. The testimony of the victim's girlfriend, S.R., provided substantial evidence on this topic. Among other things, she testified she personally witnessed Castro-Lopez strike and stomp on J.G.'s head while he was on the ground. There was also medical testimony that J.G. suffered injuries as a result of this assault: a skull fracture and a concussion, a nasal fracture, a tibial fracture, and various lacerations. Such injuries are

3

clearly "significant or substantial" and satisfy the requirements of section 12022.7, subdivision (f).  Substantial evidence supports the jury's verdict.

We can find no other arguable appellate issues in this record.

## DISPOSITION

The judgment is affirmed.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.